## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EB5 CAPITAL, et al., | Case No. 3:22-cv-3948-VC |
| Plaintiffs, | **SETTLEMENT AGREEMENT** |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |
| | Case No.  3:22-cv-2487-VC |
| BEHRING REGIONAL CENTER LLC, | |
| Plaintiff, | |
| and | |
| INVEST IN THE USA, | |
| Plaintiff-Intervenor, | |
| v. | |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security, | |
| UR M. JADDOU, in her official capacity as Director of the United States Citizenship & Immigration Services, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Behring Regional Center LLC,

EB5 Capital, CanAm Enterprises, LP, Civitas Capital Management, LLC, Golden Gate Global,

Pine State Regional Center, LLC, Invest in the USA (IIUSA), (collectively "Plaintiffs"), and United States Citizenship and Immigration Services ("USCIS"), Director Ur M. Jaddou, Department of Homeland Security ("DHS"), and Secretary Alejandro Mayorkas (collectively "Defendants"). Plaintiffs and Defendants are referred to collectively herein as the "Parties." Out of a mutual desire to resolve all the claims in the above-captioned cases (the "Actions"), without need for further litigation and without admission of any liability, the Parties hereby stipulate and agree as follows:

## I.   RECITALS
WHEREAS:

1.  For decades, Congress has authorized USCIS to approve regional centers for the EB-5 Immigrant Investor Visa Program. As of October 2021, there were over six hundred approved regional centers.

2.  On March 15, 2022, Congress enacted the EB-5 Reform and Integrity Act of 2022 (the "Integrity Act").

3.  Plaintiffs and their members owned and operated regional centers that were approved by USCIS prior to the enactment of the Integrity Act.

4.  After the Integrity Act went into effect, USCIS announced by means of a website posting that all previously approved regional centers (those authorized by USCIS prior to enactment of the Integrity Act), were categorically deauthorized.

5.  Plaintiffs brought these Actions alleging that USCIS, a component of DHS, violated the Administrative Procedure Act ("APA") by deauthorizing the previously approved regional centers. On June 24, 2022, the Court ordered a preliminary injunction, concluding that USCIS's action "was almost certainly legal error." The Court enjoined USCIS "from treating as deauthorized the previously designated regional centers based on its almost certainly erroneous interpretation of the Integrity Act." The Court observed that "the agency may do whatever is

2

reasonably necessary to ensure that the existing regional centers comply with the Integrity Act, but those centers must presently be permitted to operate within the regime create by the Act."

6. The Parties wish to resolve the disputes that are the subject of the Actions without the expense and drain on resources that may be associated with protracted litigation.

## II. TERMS OF THE SETTLEMENT AGREEMENT

NOW THEREFORE, in consideration of the mutual promises set forth herein, the receipt and sufficiency of which are hereby acknowledged, and subject to approval of the Court, the Parties agree as follows:

### A.      Definitions

For purposes of this Settlement Agreement, the following terms shall be defined as:

**Actions**: The term "Actions" means the lawsuits *Behring Regional Center LLC, et al. v. Mayorkas, et al.*, No. 3:22-cv-2487-VC (N.D. Cal.) and *EB5 Capital, et al. v. DHS, et al.*, No. 3:22-cv-3948-VC (N.D. Cal.).

**Effective Date**: The term "Effective Date" means the date this Agreement receives final approval by the Court.

**Previously Approved Regional Center**: The term "Previously Approved Regional Center" means a regional center that was approved by USCIS prior to enactment of the Integrity Act and in good standing upon enactment of the Integrity Act.

### B.      Previously Approved Regional Centers Retain Approval:

1. USCIS rescinds its categorical deauthorization of Previously Approved Regional Centers. The Parties all agree that Previously Approved Regional Centers did not lose their designation as a result of the Integrity Act.

2. Previously Approved Regional Centers must file Form I-956 by December 29, 2022, as an amendment, in order to continue to maintain their status as an approved regional center for purposes of sponsoring new projects and new investors under

3

the Integrity Act. All Previously Approved Regional Centers will pay the fee associated with the Form I-956.

    a.  Previously Approved Regional Centers that already submitted a Form I-956 prior to the Effective Date will not need to submit another Form I-956 as an amendment by December 29, 2022, nor will they have to pay a separate fee to satisfy this obligation.

    b.  The operations of Previously Approved Regional Centers, including their ability to file and receive adjudication of any other Forms, shall not be limited by the lack of adjudication of the Form I-956. That is, Previously Approved Regional Centers and investors in projects sponsored by Previously Approved Regional Centers need not wait for approval of Form I-956 in order to file and receive adjudications from USCIS on any other Forms.

    c.  In completing a Form I-956, a Previously Approved Regional Center may state in Part 1, Application Type, that it is filing an Amendment to a Previously Approved Regional Center in order to confirm compliance with the Integrity Act. A Previously Approved Regional Center may attach to this Form I-956 Amendment its initial designation notice and any related amendments for purposes of demonstrating compliance with Parts 3, 4, and 6 of the Form I-956. For the purposes of this Amendment, USCIS will defer to its decision in its prior designation notices when adjudicating issues addressed by Parts 3 and 4, and will allow attachments from past filings for Part 6 to help establish eligibility. Evidence regarding policies and procedures to ensure compliance with new program requirements is still required. This provision does not apply to USCIS's consideration of proposed expanded aspects of geographic area if a Previously Approved

Regional Center requests a geographic area greater than that which was previously approved by USCIS.

d. If, prior to the Effective Date, a Previously Approved Regional Center has already filed a Form I-956, it may interfile any relevant documents pursuant to the terms of Part II.B.2.c..

**C.   Previously Approved Regional Centers May Immediately File Project Applications and USCIS Must Thereafter Accept Investor Petitions:**

1. Previously Approved Regional Centers may file Forms I-956F for project approval.

   a. Form I-956F must be filed before any investor files a visa petition, Form I-526E, associated with the project.

   b. For an investor's visa petition (Form I-526E), if a Form I-956F receipt notice is not issued within ten calendar days of physical delivery of filing, USCIS will accept the lockbox notice along with a copy of at least the first six pages of the filed Form I-956F (Parts 1-5) for purposes of providing "the receipt number for the regional center's Form I-956F" in order to facilitate investors' ability to file their investor visa petitions immediately after a regional center files the Form I-956F. In the event that a Previously Approved Regional Center does not receive a receipt or notice from USCIS within ten calendar days of physical delivery of the Form I-956F, USCIS will accept proof of cashed check or credit card charge (along with regional center name, new commercial enterprise name, job creating entity name if available, and approximate Form I-956F filing date) for purposes of providing "the receipt number for the regional center's Form I-956F." If proof of cashed check or credit card charge is submitted with Form I-526E, regional centers or investors will interfile the Form I-956F receipt notice along with investor petition receipt number(s) and investor name(s). USCIS

will not contest a Previously Approved Regional Center's representation that it has not received a receipt or notice.

c. USCIS will undertake best faith efforts to develop a mechanism for its lockbox contractor to provide a copy of the Form I-956F lockbox notice via a prepaid return overnight courier envelope (e.g., FedEx or UPS) that a Previously Approved Regional Center may supply with its Form I-956F filing.

d. Part II.C.1.b applies to all Form I-956F filings, including those filed prior to the Effective Date. The ten days described in Part II.C.1.b runs from the date of physical receipt of the Form I-956F, even if that date is prior to the Effective Date.

e. USCIS will provide an electronic copy of receipt notices for all Form I-956F applications that have been or are properly filed within sixteen weeks of the Effective Date. During the quarterly meetings, discussed below, the parties will engage in good faith discussion as to whether intervening developments require the need for continuing this electronic notice.

f. If, after the issuance of Court's Preliminary Injunction but prior to the Effective Date, an investor associated with a regional center properly filed a Form I-526 or I-526E petition without a Form I-956F receipt number based on a previously approved exemplar (Form I-924), that investor may file a new Form I-526E with a receipt notice for the I-956F if a Form I-526 was originally filed (and receive a refund on I-526 filing), or interfile the I-956F receipt notice if an I-526E was originally filed. Such investors initial petitions will not be rejected solely by virtue of failure to provide the I-526E or I-956F receipt number. Such an investor will keep their priority date on the previously filed Form I-526 or I-526E. Such investors will be obligated to comply with all aspects of the Integrity Act, including investment

amounts. Such investors will also provide an electronic copy of the Form I-526E and interfiling with receipt number.

2. Previously Approved Regional Centers must file Form I-956F for previously approved exemplars (Form I-924) adjudicated prior to enactment of the Integrity Act if any investors associated with the Previously Approved Regional Center intend to file a petition for EB-5 classification after the enactment of the Integrity Act based on an investment into the offering and capital investment project described in the previously approved exemplar.

   a. The purpose of this filing is to assimilate the project's information and documents consistent with the Integrity Act.

   b. Consistent with the Integrity Act, all aspects of the project previously approved in the I-924 amendment exemplar shall be binding for purposes of the new I-956F filing, unless one of the conditions enumerated in Section 1153(b)(5)(F)(ii)(I)-(V) is present. This does not apply to the new requirements imposed by the Integrity Act; USCIS may review any new elements and ask for additional clarification when needed under existing processes (i.e., Request for Evidence). Changes made to a business plan— or any other aspect of the approved exemplar—made to comply with the Integrity Act shall not constitute a material change.

**D.    Previously Approved Regional Centers Will Be Governed by the Integrity Act:**

1. Previously Approved Regional Centers sponsoring new projects or new investors under the Integrity Act will comply with all the requirements of the Integrity Act.

   a. Persons involved with a regional center, new commercial enterprise, or job-creating entity as described in INA § 203(b)(5)(H)(v) will file an I-956H for each entity with which they are involved for submission with any related form as applicable.

    b. Investors who file petitions after the Effective Date associated with previously approved exemplars will be subject to the requirements of the Integrity Act (including new investment amounts) and will use Form I-526E.

2. If a Previously Approved Regional Center fails to file a Form I-956 application or amendment by December 29, 2022, it may no longer engage in any activities under the Integrity Act, including sponsoring I-526E visa petitions or the development of new projects.

    a. USCIS will continue to process and adjudicate I-526 and I-829 petitions from investors filed prior to the Integrity Act (as well as future I-829 petitions based on I-526 petitions filed prior to the Integrity Act), even if the regional center with which their project was approved does not file a Form I-956 application or amendment by December 29, 2022. The failure of a Previously Approved Regional Center to file a Form I-956 application or amendment will not, standing alone, be a basis for USCIS to deny a petition described by the preceding sentence. Investors are still subject to the provisions and protections of INA 203(b)(5)(m) should they become applicable.

3. New forms I-956, I-956H, I-956F, I-956G and I-526E that were promulgated by USCIS to implement the Integrity Act will be deemed interim until notice-and-comment rulemaking is undertaken by USCIS. The agency will solicit comments as to these forms and respond in kind.

**E.    Implementation:**

4. By December 1, 2022, USCIS will amend any Forms and accompanying instructions to adhere to the terms of this Settlement Agreement to address, at minimum, that (a) a Previously Approved Regional Center need not await

adjudication of a Form I-956 in order to file a Form I-956F and (b) an investor may file a Form I-526E petition pursuant to the terms specified in Part II.C.1 of this Settlement Agreement. Plaintiffs may comment on any final forms posted to the Federal Register to request conformance with the settlement agreement.

5. Within 21 days following the Effective Date, USCIS will update its guidance on the agency website, in Frequently Asked Questions, and in any public forum as to the current requirements as set forth in this Settlement Agreement. USCIS will update its website to include a statement that all previously approved project exemplars are binding under the Integrity Act for purposes of the adjudication of subsequent petitions seeking classification by immigrants investing in the same offering described in such application.

6. For at least two years following the Effective Date, representatives of the Plaintiffs will confer with representatives of the Defendants on at least a quarterly basis to discuss implementation of this Settlement Agreement and matters pertaining to the implementation. These discussions will provide opportunity for all Parties to address any unforeseen issues in the implementation of these terms, including good-faith discussion as to whether any modification of these terms may be warranted. Defendants will provide an agenda prior to each conferral. Each conferral shall be two hours in length.

## III. EFFECTIVE DATE

This Settlement Agreement will be effective on the date it receives final approval by the Court. The court retains jurisdiction to resolve any disputes over enforcement of the Settlement Agreement that arise and are presented to the Court.

## IV. RELEASE: SCOPE AND EFFECT OF RELEASE

As of the Effective Date, Plaintiffs, by operation of any final judgment entered by the Court, fully, finally, and forever release, relinquish, and discharge the Defendants of all claims

raised in the respective Actions. This release shall not apply to claims that arise or accrue after the Effective Date.

## V.  ADDITIONAL PROVISIONS

A.      This Agreement may not be modified or amended, nor any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

B.      This Agreement constitutes the entire agreement amongst the Parties hereto concerning the Settlement of the Actions, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

C.      This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Agreement shall exchange among themselves original signed counterparts.

D.      This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

E.      All counsel and any other person executing this Agreement represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms.

F.      Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with each other in seeking Court approval of this Agreement and promptly agree upon and execute all such other documentation as reasonably may be required to obtain final approval by the Court of the Settlement.

G.      The parties agrees to bear their own costs and attorneys' fees in this action.

## VI. SIGNATURES

DATED: <u>August 23, 2022</u>

Brian M. Boynton
*Principal Deputy Assistant Attorney General*

William C. Peachey
*Director*

Glenn M. Girdharry
*Assistant Director*

Joshua S. Press      (08/24/2022)
*Senior Litigation Counsel*
United States Department of Justice Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-0106
joshua.press@usdoj.gov


*Counsel for Defendants*

Paul W. Hughes
phughes@mwe.com
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000

H. Ronald Klasko
rklasko@klaskolaw.com
KLASKO IMMIGRATION LAW
PARTNERS LLP
1601 Market Street
Suite 2600
Philadelphia, PA 19103
(215) 825-8695

*Counsel for Plaintiffs EB5 Capital,
CanAm Enterprises, LP, Civitas
Capital Management, LLC, Golden
Gate Global, Pine State Regional
Center, LLC, and Plaintiff-Intervenor
Invest in the USA*

Michael R. Sklaire
michael.sklaire@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Ste. 1000
McLean, VA 22102
(703) 749-1300
*Counsel for Plaintiff Behring Regional
Center LLC*